IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| ALLISON SMITH and ALEXANDER SMITH, Individually and as Next Friends of O.S., a Minor Child,<br><br>　　　　　　　Plaintiffs,<br><br>　vs.<br><br>UNITED STATES OF AMERICA and DOE DEFENDANTS 1-100,<br><br>　　　　　　　Defendants. | Civil No. 26-00056 JMS-WRP<br>(Federal Tort Claims Act)<br><br>**MEMORANDUM IN SUPPORT OF MOTION** |

**MEMORANDUM IN SUPPORT OF MOTION**

　　　　Plaintiffs ALLISON and ALEXANDER SMITH, individually and as Next Friends of O.S., their minor child, request leave to use a pseudonym for O.S. in this litigation.  Ordinarily, a plaintiff's "use of fictious names runs afoul of the public's common law right of access to judicial proceedings."  *Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000) (citations omitted).  Indeed, Federal Rule of Civil Procedure ("FRCP") 10(a) requires complaints to "name all parties."  Fed. R. Civ. P. 10(a).   However, parties may proceed anonymously in special circumstances.  *Advanced Textile*, 214 F.3d at 1067.  Such

1

special circumstances exist here, as FRCP 5.2(a)(3) mandates the identification of minors by initials only in public filings.  Fed. R. Civ. P. 5.2(a)(3).[1]

Moreover, this case presents a situation that satisfies *Does I thru XXIII v. Advanced Textile Corp.*'s balancing test, which requires district courts to "balance the need for anonymity against the general presumption that parties' identities are public information and the risk of unfairness to the opposing party."  *Advanced Textile*, 214 F.3d at 1068 (citations omitted).  The Ninth Circuit has identified three situations in which pseudonyms are permitted:  (1) "when identification creates a risk of retaliatory physical or mental harm"; (2) "when anonymity is necessary 'to preserve privacy in a matter of sensitive and highly personal nature'"; and (3) "when the anonymous party is 'compelled to admit [his or her] intention to engage in illegal conduct, thereby risking criminal prosecution.'"  *Id.* (alteration in original) (citations omitted).  This case clearly falls within the second scenario, so not only is anonymity provided for by FRCP 5.2(a)(3), but is also necessary to protect O.S.'s privacy in a matter involving sensitive and highly personal medical information.  There is no unfairness to the United States because it will be privy to O.S.'s full identity.

---

[1] FRCP 5.2 was "adopted in compliance with section 205(c)(3) of the E-Government Act of 2002," which "requires the Supreme Court to prescribe rules 'to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of documents filed electronically.'" Fed. R. Civ. P. 5.2, 2007 advisory committee notes.

For these reasons, Plaintiffs respectfully request that O.S. be identified by pseudonym in this case.

DATED:   Honolulu, Hawai'i, February 5, 2026.

                                      */s/Aimee M. Lum*
                                      MARK S. DAVIS
                                      MICHAEL K. LIVINGSTON
                                      LORETTA A. SHEEHAN
                                      AIMEE M. LUM

                                      Attorneys for Plaintiffs